UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ETHAN RYAN FORD and EMILIO GOMEZ, on behalf themselves, FLSA Collective Plaintiffs and the Class,

                              Plaintiffs,

-against-

AUDREY SIGNS INC., BOB BLACK, and HARRIET BLACK,

                              Defendants.

21-CV-9262 (JGLC)

**ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

      This matter is before the Court for review of the parties' proposed settlement agreement (the "Settlement Agreement") (ECF Nos. 58-1; 60-2) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). On May 7, 2024, the Court held a conference with the parties to discuss their approval request. *See* ECF No. 59. For the reasons stated on the record, along with those stated herein, the Court approves the parties' Settlement Agreement.

      During the conference, the Court found that the monetary damages to Plaintiffs and the parties' proposed non-disparagement provision are reasonable. *See Khan v. Young Adult Inst., Inc.*, No. 18-CV-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of approved FLSA settlements where plaintiff recovered damages between 25–40% of plaintiff's maximum recovery); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015) (concluding that non-disparagement provisions in FLSA settlements "must include a carve-out for truthful statements about plaintiffs' experience litigating their case").

      The Court, however, could not approve the fees to Plaintiffs' counsel without revised billing records. Plaintiffs' counsel has now submitted those records, which the Court has

reviewed. ECF No. 60-1. Although Plaintiffs' fees are 40% of the total award, they are reasonable here. The Second Circuit has suggested that a fee award "between 40 and 43.6 percent of the total settlement payment without adequate documentation to support such a fee award" can be unreasonable and has the potential for abuse. *See Cheeks*, 796 F.3d at 206 (internal quotation marks omitted). The Second Circuit has also made clear, however, that "there is no explicit limit on attorneys' fees in FLSA actions and district courts should not, in effect and practice, implement such a limit." *Fisher v. SD Prot. Inc.,* 948 F.3d 593, 603 (2d Cir. 2020).

Here, Plaintiffs have provided documentation to support the fee awards. This amount was previously approved by the clients in their retainer agreement with counsel. *See* ECF No. 58-3. Furthermore, counsel's lodestar confirms the reasonableness of the fees under the parties' agreement. Counsel's billable rates are $300 per hour for an associate and $400 per hour for a partner in an FLSA matter; these rates are in line with those approved in other FLSA cases. *See Dougherty v. 2With Deli Corp.*, No. 23-CV-03496 (ER), 2023 WL 8432866, at *2 (S.D.N.Y. Dec. 5, 2023); *Vasquez v. Tasty Picks II Corp.*, 21-CV-8799 (ER), 2022 WL 17249365, at 2–3 (S.D.N.Y. Nov. 28, 2022). The Court has reviewed counsel's revised billing records, which indicate that counsel spent approximately 182 hours over the past three years on this case, resulting in a lodestar of $55,710. *See* ECF No. 60-1 at 10. This amount is more than what counsel will receive through the Settlement Agreement. As such, these records confirm the reasonableness of fees.

Lastly, although the Court found during the conference that the parties' agreed-upon release in the Settlement Agreement is overly broad, that does not require the Court to deny approval here. The Settlement Agreement expressly releases claims other than wage and hour, including claims for discrimination, harassment and personal injury, among others, that were

never raised in this case. It also includes a broad set of released entities including any past, present or future entities related to Defendants. Releasing claims in this overbroad way would be "contrary to FLSA's remedial aims and the policy embodied in it." *Bland v. Doyle*, 20-CV-3226 (AJN), 2021 WL 3501091, at *2 (S.D.N.Y. Aug. 9, 2021).

As the parties agreed on the record, in lieu of rejecting the Settlement Agreement and requiring the parties to agree to a new release or litigate this action, the parties will rely on the severability provision of the Settlement Agreement. That provision allows the Settlement Agreement to continue even if a provision is "judicially declared to be invalid or unenforceable." ECF No. 58-1 at 6. Thus, the Court need not reject the entire settlement. The parties' Settlement Agreement remains enforceable, and "the release provision may thus be enforced only as to claims related to the wage-and-hour issues in this case." *Bland*, 2012 WL 3501091, at *2.

For these reasons, the Court approves the parties' settlement at ECF No. 58-1 and 60-2, except for the general release. The Clerk of Court is directed to close the case.

Dated: May 8, 2024
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge